COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name: City of Houston v. Nikolette Ledesma and Elsa Estrada

Appellate case number: 01-22-00377-CV

Trial court case number: 2017-84026

Trial court: 270th District Court of Harris County

Appellant, the City of Houston, appealed from the trial court's order denying its "Plea to the Jurisdiction and Motion for Leave to Withdraw Defendant's Admission." Appellant filed its brief on August 31, 2022. Accordingly, the brief of appellees, Nikolette Ledesma and Else Estrada, was initially due on September 21, 2022. However, on September 15, 2022, appellees requested an extension of the deadline to file their brief, which was granted by the Court, extending their deadline for filing an appellees' brief to November 21, 2022.

On November 17, 2022, appellees filed an "Opposed Motion to Extend Time to File Appellees' Brief." In the November 17, 2022 motion, appellees stated that the basis for the requested second extension of the deadline to file an appellees' brief was due to a medical condition experienced counsel for appellees. Appellees requested that the deadline to file their appellees' brief be extended to November 30, 2022. The motion further stated that appellees would "not seek any further extensions."

On November 21, 2022, appellees filed two motions. First, appellees filed a "Motion to Dismiss Frivolous Appeal Pursuant to Texas Rule of Appellate Procedure 45." Appellees further filed an "Opposed Motion to Extend Time to File Appellees' Brief Until a Ruling is Made on the Motion to Dismiss for Frivolous Appeal Pursuant to Texas Rule of Appellate Procedure 45." In their motion to dismiss, appellees request that this Court dismiss the City's appeal as it "is not only frivolous, but . . . is in direct violation with this Honorable Court's opinion and mandate" in appellate case number 01-19-00034-CV. *See Ledesma v. City of Houston*, 623 S.W.3d 840, 850 (Tex. App.—Houston [1st Dist.] 2020, pet. denied) (reversing trial court's order granting City's motion to dismiss for lack of subject-matter jurisdiction over Ledesma and Estrada's claims because City "judicially admitted that [employee] was acting within the scope of her employment" at time of motor-vehicle collision forming subject of lawsuit).

To this end, appellees assert that the Court should dismiss this appeal "and order sanctions to deter the City from abusing the [appellate] process." In their motions, appellees assert several merits-based arguments and state that this Court should dismiss the appeal and award sanctions. *See* TEX. R. APP. P. 45 (allowing appellate court to award sanctions where it "determines that an appeal is frivolous").

However, rule 45 does not provide this Court with authority, and appellees have not cited to any authority, to dismiss an appeal prior to its consideration of the merits. Dismissal of civil appeals are governed by Texas Rule of Appellate Procedure 42. Pursuant to rule 42, an appellate court may dismiss an appeal where an appellant, or the parties jointly, voluntarily request the appeal be dismissed. *See* TEX. R. APP. P. 42.1(a). An appellate court may also dismiss an appeal where it concludes that the appeal is subject to dismissal for: (a) lack of jurisdiction, (b) want of prosecution, or (c) because appellant has failed to comply with a requirement of these rules, a court order, or notice from the clerk of the appellate court requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3.

Here, the City of Houston, as appellant, has not voluntarily requested to dismiss its appeal. Further, none of the bases outlined by rule 42.3 have been established by appellees. Accordingly, appellees motion to dismiss is **denied**.

Appellees' motions for extension of the deadline to file their appellees' brief are **granted**. Appellees' brief is due to be filed within fourteen days of the date of this order. **Absent extraordinary circumstances, no additional extensions will be granted**.

It is so ORDERED.


Judge's signature: _____/s/ April Farris_____
       ☑ Acting individually    ☐ Acting for the Court

Date: __December 6, 2022___